## JOHN GENTRY v. STATE.

No. A-5717.   Opinion Filed Jan. 20, 1927.
(252 Pac. 73.)

J. A. Watson, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error, John Gentry, was tried on a charge of assault with intent to kill by shooting one Rosa Dixon with a rifle. The verdict of the jury was:

"We, the jury, do upon upon our oaths find the defendant guilty as charged in said information, and fix his punishment at five years in the state penitentiary."

Motion for new trial was duly filed and overruled.

On January 31, 1925, the court rendered judgment in accordance with the verdict.

To reverse the judgment, an appeal was perfected by filing in this court on July 29, 1925, petition in error with case-made.

It appears that the defendant is a negro, and the complaining witness, F. J. Dixon, is a negro and the husband of Rosa Dixon, the person named in the information as having been shot.

The evidence for the state shows that the defendant shot at F. J. Dixon during a quarrel that arose over some livestock belonging to F. J. Dixon, and taken up by the defendant, and that during the progress of the affray, Rosa Dixon, the wife of F. J. Dixon, was shot.

A number of errors are assigned and argued, but one of which we deem necessary to notice, and that is that the court erred in instructing the jury relative to the law applicable and to the issues in this case.

Our examination of the instructions given by the court discloses the fact that the name of Rosa Dixon is not mentioned therein. On the other hand, the statement of the case by the court is as follows:

"Gentlemen of the jury, as a statement of this case you are informed that the defendant, John Gentry, stands charged by information filed in this court on the 3rd day of January, 1925, with the crime of assault with intent to kill, in manner and form as follows, to wit: That said defendant, then and there being, did then and there on or about the above-named date willfully, wrongfully, unlawfully, and feloniously, without authority of law, and with a premeditated design to effect the death of one Frank Dixon, then and there make an assault upon the person of Frank Dixon, with certain dangerous weapon, to wit, a large calibre rifle, which the said defendant then and there held in his hands, and the said defendant did then and there discharge, shoot off at, against, and into the body of said Frank Dixon a leaden ball from said deadly and dangerous weapon aforesaid, with a premeditated design on the part

of the said defendant to then and there effect the death of the said Frank Dixon.

"To this information, the defendant has entered his plea of not guilty. Thus, gentlemen, are the issues joined which you are to try, and you will be governed in this case by the following instructions."

Instruction No. 17 reads as follows:

"You are instructed, that after a full and fair consideration of the evidence, and beyond a reasonable doubt, you find that the defendant did on or about November 11, 1924, or within three years prior to the filing of the information in this case, wrongfully, unlawfully, and feloniously make an assault with a dangerous weapon in the hands of said defendant and did with said gun shoot at said Frank Dixon, on the body, with a felonious intent on the part of said defendant to kill Frank Dixon, then you should find defendant guilty of assault with intent to kill."

In other instructions given by the court, the name of Frank Dixon appears as the person assaulted and shot. The objection urged to the charge of the court is that, while the information charges the defendant assaulted with intent to kill by shooting one Rosa Dixon the court in its charge tells the jury that if they find that the defendant did shoot one Frank Dixon, with a felonious intent to kill the said Frank Dixon, then the jury should find the defendant guilty of assault with intent to kill. Neither in the original complaint nor the information filed in this case does the name of Frank Dixon appear.

It follows that the instructions, as given by the court, are clearly in violation of the universally accepted doctrine and the fundamental principle of law that a person may not be convicted of any crime other than the one charged in the indictment or information.

For the reasons stated, the court erred in overruling defendant's motion for new trial.

The judgment of the lower court is accordingly reversed and a new trial awarded.

BESSEY, P. J., and EDWARDS, J., concur.